**Thomas John DONOVAN, et al., Appellants,**

v.

**Walter RANKIN, et al., Appellees.**

**No. 01-86-00815-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 1989.

Rehearing Denied April 13, 1989.

Victor N. Markis, Markis, Petley & Warren, Houston, for appellants.

Suzanne Formby, Asst. Atty. Gen., for appellee Jim Mattox.

Mike Driscoll, County Atty., Harris County, Billy E. Lee, Asst. County Atty., for appellees Rankin and Davis.

Roger H. Broach, Houston, for appellees/cross appellants.

Before SAM BASS, WARREN and DUGGAN, JJ.

### OPINION ON SECOND MOTION FOR REHEARING

SAM BASS, Justice.

The court's majority opinion of December 15, 1988 is withdrawn, and the dissenting opinion is adopted and substituted in its place.

This is an appeal from an action for both wrongful execution and for associated violations of the appellants' civil rights under 42 U.S.C. sec. 1983 (1981).

Globe Personnel Consultants, Inc. ("Globe"), was indebted to John Zielinski, who sued Globe and Globe's sole shareholders, Louis Jacobs and his wife, Lucille Jacobs, individually, for payment. On August 16, 1979, an agreement and compromise was reached between the parties, embodied in a judgment signed September 18, 1979, that gave Zielinski a judgment against Globe for $3,360 and awarded his

attorney, Roger Broach, $600. The judgment ordered that all causes of action asserted against Mr. and Mrs. Jacobs, individually, in Zielinski's original petition be dismissed with prejudice.

On December 11, 1979, Deputy Frank Davis, an officer with Harris County Constable Walter Rankin's office, appeared at Globe's business address and attempted to enforce the court's order by collecting $4,120 in satisfaction of the judgment. The appellants claim that the furniture and equipment then present at Globe's address, was actually owned by Mr. and Mrs. Jacobs, individually, and had merely been rented, at one time, to Globe. Appellants assert that Globe never possessed any property interest in, or claimed any ownership of, the furniture and equipment. All property and ownership interests are claimed by the Jacobses, individually.

Appellants contend that Globe had no assets and was dormant, although no articles of dissolution had been filed by the corporation. Mr. and Mrs. Jacobs, as sole shareholders of Globe, adopted a resolution on August 31, 1978 that Globe Personnel Consultants, Inc. ceased corporate business operations as of that date. On June 26, 1978, the Jacobses had filed, in the Harris County clerk's office, an "assumed name certificate" that they were doing business as Globe Personnel Consultants. The address of the business remained the same.

When Deputy Davis arrived at the address of the judgment debtor to execute the judgment, he did not levy on furniture or fixtures at that address. Instead, he received from a third party, appellant Thomas J. Donovan, a sum of money sufficient to satisfy the judgment. Davis left a receipt for $4,120 on which Donovan wrote, "Paid by Tom Donovan on behalf of Louis Jacobs." Appellees contend those funds constituted a loan from Donovan to the Jacobses.

Thereafter, Louis and Lucille Jacobs sought an injunction against release of the funds. However, the money had been distributed before the injunction was ever served. Donovan and the Jacobses then filed the lawsuit, the final judgment of which is the subject of this appeal.

■ We need not discuss the appellants' particular points of error. We find that the transfer of all the corporate assets to the sole stockholders, and the attempt to dissolve the corporation and to continue doing business as a "DBA" under the same name, with the exception of the term "Inc.", was a sham and a fraud on the creditors and the public. The corporation was not dissolved in accordance with the laws of the State of Texas because the appellants failed to file articles of dissolution, as required by Tex.Bus.Corp.Act Ann. art. 6.02 (Vernon 1980) and former Tex. Bus.Corp.Act Ann. art. 6.07[1]. Further, they had not given notice to the creditors of a change of proprietorship as required by former Tex.Bus.Corp.Act Ann. art. 6.04[2].

■ The trial court properly entered a judgment n.o.v. because, as a matter of law, the corporation owned the assets that the officers were attempting to levy upon, or if a valid transfer of the assets had been made to the appellants, the appellants held the assets, as a matter of law, in a constructive trust for the benefit of the corporation's creditors. Under either theory, the constable was properly attempting to make a levy.

The judgment of the trial court is affirmed.

**1.** Ch. 657, sec. 14, 1967 Tex.Gen.Laws 1727, *amended* by ch. 120, sec. 40, 1979 Tex.Gen.Laws 230.

**2.** Ch. 657, sec. 14, 1967 Tex.Gen.Laws 1725, *amended* by ch. 355, sec. 1, 1987 Tex.Gen.Laws 3527.